UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 01-55-C**

**UNITED STATES OF AMERICA,**                                         **PLAINTIFF,**

**V.**          **MEMORANDUM OPINION AND ORDER**

**LEAH ATKINSON,**                                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Leah Atkinson, to perfect contracts and compel performance under Federal Rules of Civil Procedure Rule 60(b(6). The court ordered the motion to be served on the United States and the directed United States to respond. The United States filed a motion to dismiss in response. The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion and will grant that of the United States.

Pursuant to a plea agreement, the defendant pled guilty to conspiring to distribute 50 kilograms or more of cocaine and to distributing 500 or more grams of cocaine. As part of her plea agreement, the defendant waived her right to collaterally attack her sentence. This court sentenced her to 87 months in prison.

The defendant previously filed a motion under 28 U.S.C. § 2255, challenging her sentence. She claimed that she did not enter into the plea agreement "knowingly and voluntarily." This court denied that motion, finding that the record refuted her argument. Once again, the defendant seeks to challenge her sentence on the ground that she did not enter into the plea agreement knowingly and voluntarily. She frames

her argument as a motion to "perfect contracts and compel performance" under Rule 60(b)(6). She claims that the United States violated the terms of the proffer agreement. Also, she argues that the plea agreement is unenforceable because she did not understand the plea agreement when she entered into it.

Despite the defendant's characterization of her argument, it is a second petition under § 2255. The Sixth Circuit has ruled that Rule 60 motions in habeas corpus cases should be considered second petitions "if the petitioner presents a direct challenge to the constitutionality of the underlying conviction." *In re Abdur'Rahman*, 392 F.3d 174, 181 (6th Cir. 2004). On the other hand, if the challenge is based on one of the grounds listed in Rule 60(b), it must be decided as a Rule 60 motion in any case would be decided. *Id.* Rule 60(b) permits a court to relieve a party to a civil action from the final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a judgment which is void; (5) a judgment which has been satisfied, released, or discharged, or a prior judgment upon which it was based has been vacated or reversed or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Relief from a judgment under Rule 60(b)(6) and from relief under Rule 60(b)(1-5) are mutually exclusive. *Abdur-Rahman*, 392 F.3d at 183. The label affixed to the motion is not what dictates how the motion will be considered;

instead, it is the substance of the motion that governs. *Id.* at 181.

Here, the defendant does not challenge the sufficiency of the habeas proceeding; rather, she seeks to challenge the constitutionality of her sentence based on her guilty plea. Unlike the situation in *Abdur-Rahman*, if Ms. Atkinson's motion were granted, the habeas proceeding would not simply be reopened. If Ms. Atkinson's motion were granted, the conviction would be vacated. Consequently, this is a subsequent habeas petition and this action must be dismissed.

Even if it were not barred as a second petition, her motion must be dismissed because she waived her right to collaterally challenge her plea agreement. As the court noted in its previous decision regarding her § 2255 action, the defendant entered into the plea agreement knowingly and voluntarily. The record does not support a claim to the contrary. Pursuant to the terms of her plea agreement, the defendant may not collaterally challenge the conviction and sentence. Accordingly,

**IT IS ORDERED** that the defendant's motion to perfect contracts and compel performance (DE 99) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion of the United States to dismiss (DE 101) is **GRANTED**.

Signed on May 3, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**